**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>       **Plaintiff,**<br><br>       **v.**<br><br>**JERRY LEE ROBINSON, JR.,**<br><br>       **Defendant.** | Case No. 15-40089 |

**MEMORANDUM & ORDER**

This closed criminal case is before the court on defendant Jerry Lee Robinson, Jr.'s Motion for Halfway House/In-Home Confinement Recommendation By the Court (Doc. 33). Defendant seeks a recommendation from the court that he be placed in a halfway house or in-home confinement for the remainder of his sentence.

Defendant submitted information on his lack of violations while in prison, and noting that he feels himself a burden on his family and taxpayers. Defendant notes that he will be employed immediately upon release utilizing his vocational training in electricity. Defendant also plans to continue his education upon release. He has a cyst that will be removed once he is released. The government offers no opinion on what the appropriate placement is for defendant; instead, the government argues that the Bureau of Prisons ("BOP") is in the best position to make the proper determination about defendant's placement.

The court is authorized to make a recommendation after sentencing because the recommendation is just that: a recommendation. *See, e.g.*, *United States v. Baker*, No. 3:01CR94-01-MHT, 2013 WL 355867, at *1 (M.D. Ala. Jan. 29, 2013) (recognizing the court's authority to make a post-sentencing recommendation relating to confinement); *United States v. Palacios*, No. 05CR2203

IEG, 2007 WL 2410389, at *3 (S.D. Cal. July 14, 2007), modified on reconsideration Aug. 13, 2007 (same). By making a post-sentencing recommendation, the court is not modifying or correcting defendant's sentence. *Cf.* 18 U.S.C. § 3582(c) (identifying acceptable reasons to modify a term of imprisonment). The court's recommendation on place of confinement is not part of the sentence imposed. *Fajri v. Leavenworth*, No. 04-3311-RDR, 2005 WL 2035047, at *1 (D. Kan. Aug. 23, 2005) (citing *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 468–69 n.3 (10th Cir. 1992)). The BOP is responsible for deciding whether to place a prisoner in an RRC. *See* 18 U.S.C. § 3624(c)(1). But in making this decision, the BOP may consider any recommendations made by the court. 18 U.S.C. § 3621(b)(4)(B).

Unfortunately, the court does not believe that it has adequate information to make an informed recommendation on whether defendant should serve the remainder of his sentence in a halfway house or in-home confinement. This is not to say that placement would be improper. Rather, the court believes that the BOP is in the better position to make the decision on defendant's placement—without input from the court.

To be clear, the court makes no recommendation at all about defendant's placement as he approaches anticipated release. The court simply does not have adequate information to make an informed recommendation.

**IT IS THEREFORE ORDERED** that defendant's Motion for Halfway House/In-Home Confinement Recommendation By the Court (Doc. 33) is denied.

Dated March 16, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**